UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

H&R BLOCK ENTERPRISES, INC.,

    Plaintiff,

v.

CHRISTINE ROBERTS, SHERI ROSS, THOMAS HARRISON,

    Defendants.

3:11-CV-0057-LRH-RAM

ORDER

Before the court is plaintiff H&R Block Enterprises, Inc.'s ("H&R Block") motion for a preliminary injunction. Doc. #1.[1] Defendants Christine Roberts ("Roberts"), Sheri Ross ("Ross") and Thomas Harrison ("Harrison") (collectively "defendants") filed an opposition (Doc. #5) to which H&R Block replied (Doc. #7).

**I.    Facts and Background**

H&R Block is engaged in the business of preparing and filing state and federal tax returns and providing tax related services to its clients. H&R Block regularly employs tax preparers and office managers throughout the United States for each tax season.[2]

In January 2009, H&R Block hired defendants Roberts and Harrison for office manager

---

[1] Refers to the court's docket number.

[2] The tax season generally runs from November of any given year through April of the following year.

1  positions at locations within H&R Block's Reno Tax District. Prior to commencing employment,
2  both Roberts and Harrison entered into employment agreements with H&R Block. *See* Doc. #1,
3  Exhibit 2, Roberts' 2009 Employment Agreement; Doc. #1, Exhibit 4, Harrison's 2009
4  Employment Agreement. At the end of the tax season, in April 2009, Roberts and Harrison were
5  terminated form their employment as office managers.

6  In January 2010, H&R Block hired defendant Ross for an office manager position within
7  the Reno Tax District. Ross likewise entered into an employment agreement with H&R Block. *See*
8  Doc. #1, Exhibit 3, Ross' 2010 Employment Agreement. Ross was terminated from her
9  employment as an office manager with H&R Block in February 2010.

10  All of the relevant employment agreements contain a non-compete clause which states in
11  pertinent part:

12  > [D]uring the term of this agreement and for two (2) years following the cessation of
13  > Associate's employment hereunder for any reason, Associate shall not directly or
14  > indirectly: (1) Establish or engage in any business for the preparation or electronic
15  > filing of tax returns, or be employed by any such business or organization in any
16  > management or leadership capacity or in any capacity that involves the preparation or
17  > electronic filing of tax returns. Said restriction is limited to business(es) or
18  > organizations located or conducted within, or soliciting business within, [the Reno
19  > Tax District],[3] and ten (10) miles of such district's boundaries at the time of this
20  > Agreement.

21  *See* Doc. #1, Exhibits 2, Section 9(a)(1); Exhibits 3, Section 9(a)(1); Exhibits 4, Section 9(a)(1).

22  On January 18, 2011, H&R Block filed a complaint against defendants for breach of
23  contract. Doc. #1, Exhibit A. In its complaint, H&R Block alleges that defendants are currently

---

[3] The Reno Tax District is comprised of the immediate geographical area containing Reno and Sparks, Nevada.

2

employed as tax preparation professionals by a competing tax preparation company, non-party Liberty Tax Service, for the 2010 tax year in violation of the non-compete clauses. *Id*.

Along with the complaint, H&R Block filed the present motion for preliminary injunction seeking an order from the court enjoining defendants Roberts, Ross and Harrison from conducting tax preparation services for the 2010 tax year. Doc. #1. On February 2, 2010, the court heard oral argument on the motion for preliminary injunction and granted the parties an opportunity to file supplemental briefing. Doc. #8. Thereafter, the defendants filed a supplemental opposition (Doc. #12) to which H&R Block filed a supplemental reply (Doc. #14).

**II.   Discussion**

Federal Rule of Civil Procedure 65 provides that a court may grant a preliminary injunction upon a showing of: (1) irreparable harm to the petitioning party; (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest; and (4) the likelihood of petitioner's success on the merits. *See* FED. R. CIV. P. 65; *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted). The court shall address each element below.

**A. Likelihood of Success on the Merits**

"The sine qua non of a preliminary injunction inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Services, Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). However, a plaintiff may be awarded a temporary restraining order by establishing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor" so long as the plaintiff satisfies the additional *Winter* factors including irreparable harm and that a temporary restraining order is in the public's interest. *Alliance for Wild Rockies v. Cottrell*, — F.3d —, No. 09-35756, *10871 (9th Cir. 2010) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

In order to succeed on a claim for breach of contract, a plaintiff must establish: (1) the

3

existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) damages resulting from defendant's breach. *Calloway v. City of Reno*, 993 P.2d 1259 (2000); *FPI Development, Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (1991).

Here, the court finds that H&R Block has alleged sufficient facts to succeed on its claim for breach of contract. First, it is undisputed that the parties entered into employment agreements which provided that "for two (2) years following the cessation of Associate's employment" the employee shall not "[e]stablish or engage in any business for the preparation or electronic filing of tax returns, or be employed by any such business or organization in any management or leadership capacity or in any capacity that involves the preparation or electronic filing of tax returns." Doc. #1, Exhibits 2, Section 9(a)(1); Exhibits 3, Section 9(a)(1); Exhibits 4, Section 9(a)(1). Second, H&R Block has sufficiently alleged that defendants' actions in performing tax preparation services within the Reno Tax District for another tax preparation company constitutes a breach of the non-compete clause. Further, after reviewing the documents and pleadings on file in this matter the court finds that the non-compete clause is reasonable as to both the time and geographical limitation. The non-compete clause is only in effect for a two-year period from the termination of the employment agreement and extends only ten (10) miles outside the Reno Tax District leaving defendants with access to non-tax preparation related employment within the district or access to tax preparation employment within reasonably accessible areas surrounding the district.[4]

In opposition, defendants Roberts and Harrison contend that in January 2010, they entered into subsequent contracts as tax preparers with H&R Block for the 2009 tax year and that these subsequent employment agreements supercede the prior 2009 employment agreements in their entirety. *See* Doc. #9, Exhibit 1, Roberts' 2010 Employment Agreement; Doc. #9, Exhibit 2, Harrison's 2010 Employment Agreement. Although the 2010 employment agreements contain a

---

[4] H&R Block affirms that the geographical limitation does not prevent defendants from seeking tax preparation employment in Fernley, Nevada; Fallon, Nevada; Carson City, Nevada; Douglas/Minden, Nevada; or Truckee, California, areas accessible by a twenty (20) to forty-five (45) minute drive from Reno, Nevada.

non-compete clause, defendants argue that the clause only bars Roberts and Harrison from soliciting H&R Blocks' clients, or preparing returns for H&R Block's clients. *See Id*. The 2010 clause does not prevent Roberts and Harrison from working as tax preparers or office managers at another competing tax preparation company. Therefore, defendants argue that they are not in breach of the applicable non-compete clause and that an injunction under the 2009 employment agreements should not issue.

The court has reviewed the 2009 and 2010 employment agreements for defendants Roberts and Harrison and finds that the 2009 non-compete clause survives the subsequent 2010 employment agreements and is thus fully enforceable by H&R Block. First, there is no merger clause in the 2010 employment agreements. Second, the employment agreements are for different positions with different responsibilities. Finally, section 14 of the office manager agreements states that the non-compete clause in section 9 shall survive the termination of the employment agreement. *See* Doc. #1, Exhibit 2, Section 14; Exhibit 3, Section 14; Exhibit 4, Section 14. Therefore, the court finds that the non-compete clause remains in effect whether or not the employee is hired the next tax season in a different capacity or is subject to a different employment agreement. Accordingly, the court finds that H&R Block has established that it is likely to succeed on the merits of its breach of contract claim.

**B. Irreparable Harm**

A plaintiff must show that an irreparable injury is *likely*, not merely *possible*, before a temporary restraining order may be issued. *American Trucking Ass'ns v. City of Los Angeles*, F.3d 1046, 1052 (9th Cir. 2009) (reversed on other grounds *Am. Trucking Ass'ns v City of Los Angeles*, 596 F.3d 602 (9th Cir. 2010)) (emphasis added). "Issuing an [injunction] based only on a possibility of irreparable harm is . . . an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S. Ct. at 375-76.

Here, H&R Block establishes that it would be irreparably harmed by allowing defendants to

continue to breach the employment agreements and perform tax preparation services. The tax preparation industry is highly competitive and H&R Block has established that it will suffer from erosion of its client base and associated goodwill and thereby lose its competitive advantage if an injunction is not issued. Defendants, as office managers, received specific training in H&R Block's business strategies including client relations and had access to confidential client information and client lists. Accordingly, the court finds that H&R Block is likely to suffer irreparable harm if an injunction is not issued.

### C. Balance of Equities

In seeking a preliminary injunction, a plaintiff must demonstrate that his claim presents a serious question of law and that the current litigation has merit so as to avoid undue harm to the defendant. *See Topanga Press, Inc. v. City of Los Angeles*, 989 F.2d 1524, 1528 (9th Cir. 1993).

Here, H&R Block has brought a cause of action for breach of contract which the court has found is likely to succeed on the merits. The balance of equities favors a business attempting to enforce a reasonable non-compete clause to maintain its business good will and client relationship. Therefore, the court finds that in light of the circumstances in this action the balance of equities favors H&R Block.

### D. Public's Interest

Before granting an injunction the court must determine that an injunction is in the public's interest. *Winter*, 129 S. Ct. at 375-76. The right to contract is fundamental and includes the privilege of selecting those who will be employed by a company and under what terms that employment will be. An injunction in this instance protects the public's interest in the integrity and enforceability of employment contracts. Therefore, the court finds that the public's interest favors an injunction in this instance.

After reviewing the documents and pleadings on file in this matter and hearing oral argument on H&R Block's motion for a preliminary injunction, the court finds that H&R Block

has satisfied the requirements for issuance of a preliminary injunction. Accordingly, the court shall grant H&R Block's motion.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that defendants Christine Roberts, Sherri Ross, and Thomas Harrison, are preliminarily ENJOINED and RESTRAINED from operating, engaging or participating in any business or organization, directly or indirectly, for the preparation or electronic filing of tax returns, or being employed by any such business or organization in any management or leadership capacity that involves the preparation or electronic filing of tax returns within ten (10) miles of plaintiff H&R Block Enterprises, Inc.'s Reno Tax District, pending the resolution of this action.

IT IS FURTHER ORDERED that defendants Christine Roberts, Sherri Ross, and Thomas Harrison, are preliminarily ENJOINED and RESTRAINED from directly or indirectly soliciting clients of plaintiff H&R Block Enterprises, Inc. for the purpose of performing tax preparation services or otherwise interfering with H&R Block Enterprises, Inc.'s client relations pending resolution of this action.

IT IS FURTHER ORDERED that the $10,000.00 bond posted by plaintiff H&R Block Enterprises, Inc. shall continue during the pendency of this action.

IT IS SO ORDERED.

DATED this 14th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7